SCHIRMER v. GOSS.

(Circuit Court of Appeals. Second Circuit. November 11, 1912.)

No. 38.

1. MASTER AND SERVANT (§ 144*)—INJURIES TO SERVANT—RULES—PROMULGATION—DISUSE.

Where defendant, operating a lithographing plant, had promulgated a necessary rule prohibiting cleaning of presses until afternoon on Saturdays, when the power was shut off, and plaintiff, an employé, was injured while cleaning a press in violation of the rule, under orders of his pressman, by the latter causing the press to move when plaintiff was in a dangerous situation, and there was evidence that there had been such a continual infraction of the rule as to indicate nonenforcement, the promulgation of the rule was no defense to an action for the master's negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 287; Dec. Dig. § 144.*]

2. MASTER AND SERVANT (§ 144*)—INJURIES TO SERVANT—CONCURRING NEGLIGENCE.

Concurring negligence of a pressman, who was plaintiff's fellow servant, in starting a press while plaintiff was in a dangerous position, cleaning the same, at a time when such work was prohibited by rule, was no defense to the master's liability for the injuries sustained, where it appeared that his own negligence in permitting the rule to be continually violated concurred to cause the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 287; Dec. Dig. § 144.*

Concurrent negligence of master and fellow servant, see note to Maupin v. Texas & P. Ry. Co., 40 C. C. A. 236.]

In Error to the District Court of the United States for the Southern District of New York; Learned Hand, Judge.

Action by Thomas Goss, as administrator, etc., against G. Schirmer. Judgment for plaintiff, and defendant brings error. Affirmed.

Eidlitz & Hulse, of New York City (Frederick Hulse and Martin A. Schenck, both of New York City, of counsel), for plaintiff in error.

Thomas J. O'Neill, of New York City (L. F. Fish, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The action is for negligence of an employer; plaintiff's intestate having been employed in the lithographing plant of defendant. Deceased, a boy of 18 years, was cleaning one of the presses about 11 a. m. on a Saturday, when the press was started and he was crushed and killed. The pressman, one Seitz, in whose gang deceased was working, had instructed him to clean the machine, and himself started the machine while Goss was obeying his instructions. The action was brought under the New York Liability Act of 1902 (Laws 1902, c. 600), and it was contended at the trial, as one ground for recovery, that Seitz and Goss were not fellow servants, but that the former was acting as superintendent in starting the press. It is not necessary to discuss this branch of the case, because

no contention is made in this court by plaintiff that the two were not fellow servants.

[1] The trial judge sent the case to the jury solely on the question whether or not the master had been negligent in not formulating and promulgating a rule as to cleaning the presses, which would have safeguarded his employés from accidents. There had been a rule adopted, and there was testimony showing that it was repeatedly disobeyed. We fully discussed the questions of rules, of their enforcement, and of the effect of toleration of repeated violations of them in Canadian Pacific Railway v. Elliot, 137 Fed. 904, 70 C. C. A. 242. It is unnecessary to repeat anything there said. The court in the case at bar charged the jury that:

"If there had been such a continual infraction as to indicate nonenforcement, so that a man who was about his business reasonably would have ascertained it, a mere promulgation of the rule would not have protected him."

This was excepted to, but under the authority above cited it was a proper charge.

The only other exception (except as to some minor questions of evidence which need not be discussed) was to a refusal to dismiss the complaint at the close of the whole case. The court left it to the jury to say whether the making of some rule about cleaning presses in this establishment of 150 employés was necessary in the exercise of reasonable prudence. The case at bar differs from others which are reported, because there can be no suggestion that the jury was allowed, after the event, to guess at some unformulated rule which might seem to it to be a desirable one to adopt. The defendant had in fact himself formulated a rule that the presses should be cleaned only after 12 o'clock noon on Saturdays, and the general superintendent of the factory testified that he regarded this rule "as of importance, highly important." Why it was important was disclosed by the same witness when, in answer to a subsequent question, he stated that at noon on Saturdays "the power was shut down and you could not run any presses after 12 o'clock." This rule was not printed and posted up; but defendant insisted that it was promulgated, so that it was generally understood.

Assuming that it had been sufficiently promulgated, and that all in the shop understood that such a rule had been made, the jury found on abundant evidence that there had been continued infractions of it, tolerated by the master; and where there has been such continued infractions, thus tolerated, the mere adoption and promulgation of the rule will not protect the master. Upon the testimony the jury could hardly have reached any other conclusion than the one they did, viz., that the master was negligent for tolerating disobedience of a rule as important as this one manifestly was. Of course, if the jury found (as their verdict shows they must have found) that the rule was a dead letter, deceased cannot be held guilty of contributory negligence in obeying an order to clean the press before 12 o'clock on Saturday.

[2] Undoubtedly there would have been no accident if Seitz had not negligently started the press without undertaking to ascertain

whether the boy he had ordered to clean it was or was not in a position of safety. But that will not excuse the master because, without the latter's negligence co-operating with Seitz's, nothing would have happened. If the rule had been properly promulgated and enforced, no one would have been cleaning the machine until after 12 noon on this Saturday. Then, if Seitz moved the lever or other part by which the press was ordinarily set in motion, the machine would not start, because, the power having been shut down, there was nothing to make it move.

The judgment is affirmed.